```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**DOREEN R. GILLENWATER,**

      **Plaintiff,**

**v.**                                         **CASE NO. 2:04-cv-508**

**JO ANNE BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Presently pending before the court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings.

Plaintiff, Doreen Gillenwater (hereinafter referred to as "Claimant"), filed an application for DIB on June 24, 2002, alleging disability as of October 1, 1999, due to depression and post traumatic stress syndrome.  (Tr. at 49-52, 71.)  The claim was denied initially and upon reconsideration.  (Tr. at 32-35, 37-38.)

On August 21, 2003, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 39.) The hearing was held on January 6, 2004, before the Honorable Jon K. Johnson. (Tr. at 249-65.) By decision dated March 18, 2004, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 14-23.) The ALJ's decision became the final decision of the Commissioner on May 10, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 6-8.) On May 24, 2002, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers

from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at

3

15.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of bipolar disorder or major depressive disorder with anxiety (panic attacks) and post-traumatic stress disorder, recurrent urinary tract infections, migraine headaches, and arthritis with back, neck, and left knee pain. (Tr. at 17.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17-18.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 19.) As a result, Claimant cannot return to her past relevant work. (Tr. at 20.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as housekeeper, general clerk and assembly worker, which exist in significant numbers in the national economy. (Tr. at 21.) On this basis, benefits were denied. (Tr. at 21.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was forty-four years old at the time of the administrative hearing. (Tr. at 253.) Claimant has a high school and college education. (Tr. at 254.) In the past, she worked as an administrative assistant for the Army and the Navy. (Tr. at 255-56, 261.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to

properly evaluate Claimant's pain and credibility; (2) the ALJ failed to consider Claimant's impairments in combination; (3) the ALJ failed to properly develop the evidence; and (4) the ALJ failed to consider certain medical evidence. (Pl.'s Br. at 11-15.)

The Commissioner argues that (1) the ALJ properly evaluated Claimant's credibility and supported his findings; (2) the ALJ considered the combined effect of Claimant's impairments; (3) the ALJ properly developed the record; and (4) the ALJ's finding that Claimant could perform other work that exists in significant numbers in the national economy is supported by substantial evidence. (Def.'s Br. at 9-16.)

The court proposes that the presiding District Judge find that substantial evidence supports the ALJ's decision. In particular, the ALJ's pain and credibility findings are consistent with the applicable regulations, case law and social security ruling ("SSR") and are supported by substantial evidence. 20 C.F.R. § 404.1529(b) (2004); SSR 96-7p, 1996 WL 374186 (July 2, 1996); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The ALJ's decision contains a thorough consideration of Claimant's daily activities, the location, duration, frequency, and intensity of Claimant's pain and other symptoms, precipitating and aggravating factors, Claimant's medication and side effects and treatment other than medication. (Tr. at 17-19.)

Upon consideration of these factors, the ALJ determined that

Claimant's subjective complaints related to her physical and mental impairments are not entirely credible. The ALJ reasoned that Claimant alleged significant physical limitations stemming from arthritic pain and several surgical procedures, but the only documented hospitalization in the record is for treatment of urinary tract infections. He noted that Claimant does not require an assistive device to stand or walk and did not identify any prescription medications for pain. He observed that Claimant's physical symptoms have been treated with routine medical care and that her mental impairments have not required hospitalization. In addition, the ALJ noted that there are gaps in Claimant's treatment record related to her mental impairment. The ALJ further observed that while Claimant alleged a need for periods of rest on a daily basis and an inability to be around others, the record also indicated that she attended church, performed before people singing and playing the drums and occasionally went out to eat and interacted with friends. (Tr. at 18.) The ALJ also relied on the conservative nature of Claimant's medical care. (Tr. at 19.)

    The ALJ's reasons for rejecting Claimant's complaints of disabling pain and other subjective symptoms are supported by substantial evidence, and the court proposes that the presiding District Judge so find.

    The court further proposes that the presiding District Judge find that the ALJ considered Claimant's impairments in combination

in keeping with the applicable regulation and case law. 20 C.F.R. § 404.1523 (2004) (the Commissioner will consider the combined effect of all of claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity); Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974) (Where there is a combination of impairments, the issue "is not only the existence of the problems, but also the degree of their severity, and whether, together, they impaired the claimant's ability to engage in substantial gainful activity."). The ALJ's decision and the hypothetical question to the vocational expert reflect a careful and thorough consideration of Claimant's impairments alone and in combination, and the court proposes that the presiding District Judge so find.

Claimant next argues that the ALJ erred in his duty to develop the record because he failed to obtain evidence related to Claimant's knee surgery. Claimant asserts that the ALJ "could have requested an assessment of the plaintiff's knee to determine if there were any significant deficits present." (Pl.'s Br. at 14.)

The ALJ determined that Claimant's left knee pain was a severe impairment. (Tr. at 17.) In considering Claimant's subjective complaints of pain, the ALJ noted that while Claimant "reportedly has a history of arthroscopic knee surgery, records of that procedure were not submitted for the undersigned's review." (Tr. at 19.) Nevertheless, the ALJ reduced Claimant's residual

functional capacity to light work, further reduced by nonexertional limitations because of Claimant's pain and other mental and physical impairments.

In Cook v. Heckler, the Fourth Circuit noted that an ALJ has a "responsibility to help develop the evidence." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). The court stated that "[t]his circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely on evidence submitted by the claimant when that evidence is inadequate." Id. The court explained that the ALJ's failure to ask further questions and to demand the production of further evidence about the claimant's arthritis claim, in order to determine if it met the requirements in the listings of impairments, amounted to a neglect of his duty to develop the evidence. Id.

As to the ALJ's duty to refer a claimant for a consultative examination, the regulations at 20 C.F.R. § 404.1517 (2004) provide that

> [i]f your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests.

The court proposes that the presiding District Judge find that the ALJ adequately developed the record in this matter and did not err in failing to order a consultative physical examination. There

9

is no indication that the record was in need of further development related to Claimant's history of knee surgery. Claimant did not allege disability because of this knee impairment and did not identify it as a grounds for her inability to work when she initially filed her application (Tr. at 71) or upon reconsideration (Tr. at 94). While Claimant's counsel stated that she had a history of knee surgery and weak knees at the administrative hearing (Tr. at 252), Claimant did not testify that her knee impairment limited her ability to work (Tr. at 259). In any event, the ALJ acknowledged this as a severe impairment and significantly reduced Claimant's residual functional capacity to light work, further reduced by a variety of nonexertional limitations including an occasional ability to bend, squat, crawl, crouch and kneel. (Tr. at 19.) Such limitations adequately contemplate any limitation because of Claimant's knee impairment.

Finally, Claimant argues that the ALJ failed to take into consideration Claimant's GAF scores in the 60s. (Pl.'s Br. at 14.) Contrary to Claimant's assertions, the ALJ considered at least one of Claimant's GAF scores when he noted the opinion of Claimant's treating psychiatrist, Daniel Thistlethwaite, M.D., on January 15, 2003, that Claimant had a GAF of 65. (Tr. at 16, 197.) There are additional GAF scores of 60 from treatment notes on June 12, 2002, and October 21, 1999. (Tr. at 202, 214.) Notably, a GAF rating between 51 and 60 indicates "[m]oderate symptoms (e.g., flat affect

and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflict with peers or co-workers)," while a GAF score of 65 indicates mild symptoms of an individual who is "generally functioning pretty well."  American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders 32, 34 (4th ed. 1994).

The ALJ's findings related to Claimant's mental impairments are supported by substantial evidence.  The ALJ found Claimant's bipolar disorder or major depressive disorder with anxiety (panic attacks) and a post-traumatic stress disorder to be among Claimant's severe impairments.  The ALJ reduced Claimant's residual functional capacity to require, among other things, a fair ability to follow work rules, use judgment, interact with supervisors, function independently, maintain concentration and attention, understand, remember and carry out simple job instructions, maintain personal appearance, relate predictably in social situations and demonstrate reliability. (Tr. at 19.)  Based on the above, the court proposes that the presiding District Judge find that the ALJ adequately considered the evidence of record related to Claimant's mental impairments, including her GAF scores, and that his findings related to Claimant's mental impairments and the resulting limitations are supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge DENY the Plaintiff's

11

Motion for Summary Judgment, GRANT the Defendant's Motion for Judgment on the Pleadings, AFFIRM the final decision of the Commissioner and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Robert C. Chambers.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and

Recommendation and to mail a copy of the same to counsel of record.

<u>  March 31, 2005  </u>
     Date

                                                         _____
                                                         Mary E. Stanley
                                                         United States Magistrate Judge